Grace **HUFFAKER**, Appellant,

v.

B. R. **TWYFORD**, Appellee.

Court of Appeals of Kentucky.

Sept. 16, 1960.

Rehearing Denied Jan. 13, 1961.

F. L. Pearl, Louisville, for appellant.

R. B. Bertram, Bruce Phillips, Monticello, for appellee.

CLAY, Commissioner.

Appellant has moved for an appeal from a judgment in the amount of $1,825, which is based upon three claims of indebtedness asserted by her father, the appellee. This is a continuation of litigation by elderly parents against their children. See Twyford v. Huffaker, Ky., 324 S.W.2d 403.

We are of the opinion that as to the items of $500 and $275 advanced by the father for the benefit of his daughter, there was sufficient proof of the acknowledgment of this indebtedness to avoid the bar of the statute of limitations (KRS 413.120) and the judgment must be affirmed as to these two items.

The third item for $1,050 is rather involved. The father claims he bought an old condemned house in 1949 at the request of his daughter. The purchase price was $425. It was torn down and the lumber stored in the father's barn. In addition to the original purchase price the claim consisted of the expenses of dismantling the house and transporting the lumber.

The testimony of the father was very vague concerning any specific arrangement having been made with his daughter for the purchase of this house or with respect to an agreement to reimburse him. In Twyford v. Huffaker, Ky., 324 S.W.2d 403, we commented on the lack of proof that appellant had promised to return to Wayne County to live near her parents. The present controversy is related to the same transaction and is equally unstable from the standpoint of direct proof. In addition, there is no evidence that appellant at any time agreed to pay $625 as the cost of tearing down the house and transporting the lumber. As a matter of fact, appellee did not prove that these additional expenses were attributable to the house he claims to have bought for her. (He had bought ten other buildings at the same time and had torn them down.) There was simply insufficient evidence upon which a jury could properly base an award of $1,050 for this item.

Appellant was entitled to a directed verdict on the item of $1,050 and her motion for judgment notwithstanding the verdict should have been sustained as to it.

The motion for appeal is sustained, and the judgment is affirmed in part and reversed in part for the entry of a judgment consistent with this opinion.